IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

STATE OF DELAWARE,                )
                                  )
        v.                        )        Case No. 1605010355
                                  )
ADAM T. KUPIS, III,               )
                                  )
        Defendant.                )

Submitted: November 7, 2017
Decided: February 5, 2018

Anthony J. Hill, Esquire                Joseph Hurley, Esquire
Deputy Attorney General                 1215 King Street
820 N. French Street, 7th Floor         Wilmington, DE 19801
Wilmington, DE 19801                    *Attorney for Defendant*
*Attorney for the State of Delaware*

## MEMORANDUM OPINION AND ORDER
## ON DEFENDANT'S MOTION TO SUPPRESS

The Defendant, Adam Kupis, III (hereinafter the "Defendant"), brings this motion to suppress evidence in connection with a Driving Under the Influence ("DUI") investigation. The Defendant asserts that there was a reckless exclusion of important and material facts which a reasonable and objective police officer should have known would have been of significance to a magistrate in the decision-making process to determine whether a finding of probable cause was warranted under the totality of the circumstances. On November 7, 2017, a hearing was convened on the Motion to Suppress. A State of Delaware Impaired Driving Report, an Affidavit and Application for Search, and an Affidavit of Defendant's attorney, Joseph Hurley were submitted

1

into evidence. Following the hearing, the Court reserved decision. This is the Final Decision of the Court on the Defendant's Motion to Suppress.

## FACTS AND PROCEDURAL HISTORY

On May 15, 2016, at approximately 5:39 a.m., Delaware State Officer Dustin Hamilton (hereinafter "Trooper Hamilton") was dispatched for a welfare check on a white male passed out in the driver's seat of a vehicle, with the vehicle running and the driver side door open. When Trooper Hamilton arrived, he made contact with EMS personnel and Corporal Underwood, who observed the vehicle running with the driver side door open and the operator passed out. Cpl. Underwood woke the operator of the vehicle and detected an odor of alcohol.

Trooper Hamilton then initiated contact with the vehicle operator and upon viewing his Delaware driver's license, identified him as Adam T. Kupis, III, the Defendant in this matter. During this interaction, Trooper Hamilton observed glassy and blood shot eyes, with a moderate odor of alcohol emanating from the Defendant. At this time, Defendant admitted to drinking earlier in the evening and that he had pulled his car over to its present position after visiting a friend.

Trooper Hamilton proceeded to conduct an alphabet test, asking the Defendant to recite the alphabet from E to P. Defendant stated "E, D, E" before accurately reciting the rest of the requested letters in proper sequence. Trooper Hamilton then instructed the Defendant to count backward from 68 to 53. The Defendant completed this preliminary test without incident.

Next, Trooper Hamilton had the Defendant exit the vehicle, which the Defendant proceeded to in a normal manner, in order for Trooper Hamilton to administer various field sobriety tests to the Defendant, including the HGN/VGN, Walk and Turn, and One Leg Stand.[1] According to Trooper Hamilton, the Defendant demonstrated four of a possible six clues during

---

[1] State's Ex. 2; Search Warrant Application and Affidavit, P. 3, Paragraph 5.

the HGN test, noting that "[Defendant's] eyes lacked smooth pursuit and uncontrollable jerking of the eyes was present at maximum deviation."[2] On the Walk and Turn test, the Defendant demonstrated an additional clue when he failed to properly place his right foot in front of his left, touching the right heel to his left toes.[3]

Following the field sobriety tests, Trooper Hamilton placed the Defendant in his patrol vehicle to complete the 15-minute observation period, during which Defendant had nothing to eat, drink, or smoke. Trooper Hamilton then asked Defendant to consent to a Preliminary Breathalyzer Test (PBT). Defendant refused, and Trooper Hamilton then transported Defendant to DSP Troop 9. Defendant refused to consent to an Intoxilyzer test, at which point a search warrant was obtained to draw a sample of Defendant's blood.

## PARTIES' CONTENTIONS

The Defendant seeks to suppress the results of the blood test. Defendant argues Trooper Hamilton recklessly excluded information that should have been presented to the Court in a meaningful way so that the Court could evaluate the totality of the circumstances before issuing a search warrant.

First, Defendant maintains that Trooper Hamilton did not relay to the Court the precise position of Defendant's vehicle. In Trooper Hamilton's report, he indicated that Defendant's vehicle was stopped on the shoulder of the roadway at an intersection on Pole Bridge Road. In Trooper Hamilton's search warrant affidavit submitted to the Court, Trooper Hamilton describes arriving at the scene, at "Pole Bridge Rd. at the entrance of Augustine Blvd."[4] Defendant argues that Trooper Hamilton failed to clearly articulate that the vehicle was not, in fact, in the

---

[2] State's Ex. 1; State of Delaware Impaired Driving Report, P. 3, Paragraph 1.
[3] State's Ex. 1, P. 3, Paragraph 2.
[4] State's Ex. 2; Search Warrant Application and Affidavit, P. 3, Paragraph 2.

intersection, but rather, parked on the shoulder of the roadway. This, Defendant avers, is a significant factor that a Magistrate would want to consider in determining whether to issue a search warrant.

Second, Defendant argues that glassy and blood shot eyes and the moderate odor of alcohol on Defendant's breath, as observed by Trooper Hamilton and included in his affidavit to the court, merely indicate consumption of alcohol, rather than impairment by alcohol.[5] Defendant asserts that one of the most telling signs of impairment is the interruption of normal fluency. The transposition of letters during the recitation of part of the alphabet, Defendant claims, was a single instance of imperfection and not evidence of impaired speech.[6] Furthermore, Defendant argues, Trooper Hamilton failed to indicate in his affidavit that Defendant did not have difficulty understanding or complying with commands. Defendant maintains that had Trooper Hamilton included in his affidavit the indication of normal speech and an accurate description of the position of Defendant's vehicle, the remaining assertions would not have constituted probable cause for the collection of Defendant's blood.

The State argues that sufficient information was included in the affidavit for the Court to accurately examine the totality of the circumstances. In addressing Defendant's first argument, the State contends that the location of the vehicle is immaterial to the operative facts that gave rise

---

[5] Defendant's Motion to Suppress, P. 2, Paragraph (b.)

[6] Defendant also argues that results of the walk and turn test, as described in the Police report, suggest impaired performance. This, Defendant claims, is due to a "rather cryptical point" made by Trooper Hamilton when articulating the parameters of the test, that suggested there was "misperformance" by the Defendant on the walk and turn test. However, on the affidavit submitted to the Court by Trooper Hamilton in the application for a search warrant, Defendant is described as having taken "9 heel to toe steps and turned to his left as instructed, then took 8 heel to toe steps to finish the test." State's Ex. 2; Search Warrant Application and Affidavit, P. 4, Paragraph 1. Because there is no impaired performance suggested by this description in the affidavit and application for the search warrant, the court considers Defendant's argument on this point moot in determining whether the state relayed all of the information necessary for the Court to evaluate the "totality of the circumstances."

4

to the probable cause, but rather it is the fact that the Defendant was reported to be passed out in the driver's seat of the vehicle, with the door open and the vehicle running, that gives rise to the probable cause.

The State also addresses the Defendant's second argument regarding the description of the Defendant's eyes, emission of alcoholic odors, and the lack of any description in the affidavit of Defendant's competency to understand and comply with Trooper Hamilton's commands. The State asserts that, while there may have been no indication of impairment of speech, Trooper Hamilton's description of glassy, blood shot eyes, moderate alcohol odor, and Defendant's admission that he had been drinking earlier in the evening are sufficient to satisfy the probable cause threshold.

Furthermore, the State argues Trooper Hamilton did not intentionally manipulate information or act in such a manner that might be considered a reckless disregard for the truth, as evidenced by the inclusion in his report and affidavit of information that does not carry an implication of intoxication.[7]

## DISCUSSION

For determining whether probable cause exists to obtain a search warrant, Delaware follows established jurisprudence by applying a totality of the circumstances analysis.[8] Defendant argues that the affidavit submitted by Trooper Hamilton in the application for a search warrant did not have enough information for a magistrate to make a decision under the totality of the circumstances.

---

[7] State's Response to Defendant's Motion to Suppress, P. 3, Paragraph 2, noting Trooper Hamilton's inclusion of successful completion of the preliminary counting test
[8] *Sisson v. State*, 903 A.2d 288, 296 (Del. 2006) (citing *Fink v. State*, 817 A.2d 781, 787 (Del. 2003))

5

There is a presumption of validity with respect to the affidavit supporting a search warrant application, which can be overcome by offering proof of (1) reckless or intentional omission (2) of facts material to a finding of probable cause, (3) which, if known by the reviewing magistrate, would have resulted in a different outcome.[9] Omissions made with reckless disregard for the truth occur "when an officer recklessly omits facts that any reasonable person would know that a judge would want to know in making a probable cause determination."[10] Whether the omission is material to a finding of probable cause requires the court to "reconstruct the affidavit to include the newly added information, and then decide whether the 'corrected' affidavit would establish probable cause."[11]

The Court finds the following indicators, as noted in Trooper Hamilton's affidavit, to establish probable cause: the presence of the vehicle parked (on the shoulder) running, with the driver door open and the driver passed out in the driver seat; a moderate odor of alcohol on Defendant's breath; admission to consumption of alcoholic beverages earlier in the evening; glassy, blood shot eyes; uncontrollable jerking of the eyes during the HGN/VGN test; and refusal to consent to a PBT.[12]

First, Defendant asserts that Trooper Hamilton's failure to indicate in the affidavit that the vehicle was on the shoulder of the roadway constitutes a significant factor that a Magistrate would want to consider in determining whether to issue a search warrant. This Court agrees with the State's assertion that this is not a reckless disregard for the truth or an intentional misdeed, as the specific location of the vehicle is irrelevant. Even if the affidavit were reconstructed with this

---

[9] *Franks v. State*, 438 U.S. 154, 171-172 (1978).
[10] *Rivera v. State*, 7 A.3d 961, 969 (Del. 2010) (quoting *Wilson, v. Russo*, 212 F.3d 781 (3d Cir. 2000).
[11] *Id.*
[12] State's Ex. 2; Search Warrant Application and Affidavit, P. 3-4.

explicit testimony included, it does not diminish the fact that the vehicle was on the shoulder, running, with the driver passed out in the driver seat and his door open.

Second, Defendant argued that Trooper Hamilton ought to have included testimony of Defendant's normal speech and ability to understand and comply with Trooper Hamilton's commands during the alphabet test. This Court finds that a failure to affirmatively testify to Defendant's ability to understand Trooper Hamilton's instructions and to follow those instructions by counting and reciting letters is not a reckless omission of facts. Furthermore, the affidavit does note Defendant's compliance and ability to follow instructions when completing the other preliminary tests set by Trooper Hamilton.[13] If this Court were to reconstruct another affidavit with redundant language further stating Defendant's ability to comply with basic instruction, a judge's ability to make a probable cause determination would remain unchanged.

## CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** this 5th day of February, 2018, Defendant's Motion to Suppress is **DENIED**. The Clerk is directed to schedule a trial in this matter.

**IT IS SO ORDERED**

_____
The Honorable Robert H. Surles
Judge

---

[13] State's Ex. 2; Search Warrant Application and Affidavit, P. 3, Paragraph 5,6,7. Affidavit notes that when the Defendant was asked to exit the vehicle, "he complied and did in a normal manner."